FILED
DALLAS COUNTY
2/28/2014 9:21:34 AM
GARY FITZSIMMONS
DISTRICT CLERK

Pointer Tonya

CAUSE NO. _____  DC-14-02052

| | | |
|---|---|---|
| GLORIA WALKER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UT SOUTHWESTERN MEDICAL | § | |
| CENTER, | § | |
| | § | DALLAS COUNTY, TEXAS |
| Defendant. | § | |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Gloria Walker, and files this, her Original Petition and Request for Disclosure, and respectfully shows the following:

### I
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that this suit be governed by discovery control level two.

2.    Plaintiff seeks monetary relief in excess of $100,000.00 and non-monetary relief.

### II
### PARTIES

3.    Plaintiff, Gloria Walker, is an individual who resides in Dallas County, Texas.

4.    Defendant, UT Southwestern Medical Center, is a state agency located in Dallas County, Texas.  UT Southwestern Medical Center can be served by serving its President, Daniel K. Podolsky, M.D. at 5323 Harry Hines Blvd. Dallas, Texas 75390.

### III
### JURISDICTION AND VENUE

5.     Jurisdiction is appropriate because UT Southwestern Medical Center has its principal place of business in Dallas County, Texas.

6.     Venue is appropriate because the acts giving rise to this lawsuit occurred within Dallas County, Texas.

### IV
### FACTS

7.     Ms. Walker first began working for UT Southwestern in May 2005. Currently, Ms. Walker is employed as an Information Resources Manager. Ms. Walker was promoted to this position in January 2011. For the duration of her employment with UT Southwestern, Ms. Walker has always given her best efforts. In fact, before the events discussed below, Ms. Walker had been consistently praised for her job performance.

8.     Despite Ms. Walker's credentials and experience, Plaintiff's supervisor, the Assistant Vice President, has routinely discriminated against Ms. Walker because of her gender.

9.     Plaintiff's supervisor has systematically supported and offered guidance to the male employees while consistently trivializing and devaluing Ms. Walker's job performance.

10.     For example, Ms. Walker has had male employees moved from underneath Ms. Walker's supervision because of complaints about Ms. Walker. However, when this same employee had previously complained about a male supervisor nothing was done to that male supervisor.

11.     Another example is that Plaintiff's supervisor does not support Ms. Walker in front of her own employees. When Ms. Walker had performance problems with an employee, Plaintiff's supervisor would not allow Ms. Walker to give the employee a written warning.

Giving a written warning is part of the job of an Information Resources Manager. Plaintiff's supervisor has no problem allowing his male employees to give write-ups to their subordinates.

12.    Plaintiff's supervisor then began to move less qualified individuals into Ms. Walker's team.

13.    For example, Plaintiff's supervisor stripped Ms. Walker of her higher-level employees who perform work on Pro-Center and IBR, which are the more complex software products the department works on. Plaintiff's supervisor then gave Ms. Walker less qualified employees who instead worked on less complex software such as name changes and password resets. These are generally more administrative-type duties.

14.    Plaintiff's supervisor also moved the complex software individuals to the hardware team supervisor. This is incongruous because Ms. Walker is the software team supervisor. It makes no sense to have those individuals with the hardware supervisor, other than because he is a male and Ms. Walker is a female. Plaintiff's supervisor also took away Ms. Walker's resiliency project. This is a software project. Mr. Walker took this project away from Ms. Walker and gave it to the hardware team as well. Once again, this makes no sense, other than the fact that the hardware team supervisor is a male.

15.    Plaintiff's supervisor frequently sets up weekly status meetings with the other, male Information Resources Managers. However, Plaintiff's supervisor does not have any such meetings with Ms. Walker. Ms. Walker is instead expected to meet with the intermediate supervisor unlike the male employees.

16.    In fact, out of the four Information Resources Managers, Ms. Walker is the only female.

17.     Plaintiff's supervisor has taken every effort to strip away any technical responsibilities that Ms. Walker has and replace them with administrative duties, which are duties associated with traditional female stereotypes.

18.     For example, Plaintiff's supervisor attempted to give Ms. Walker additional job duties that she should be doing for the "guys," this includes: ordering supplies for the male worker's hardware work, responding to routine requests for network resets so that the male workers on the network team did not have to do this, documenting the other, male team's work for them so they did not have to, and performing all customer follow up so that the male managers did not have to follow up for their own departments.

19.     Plaintiff's supervisor would also tell Ms. Walker that she needed to "be responsible to make the guys feel comfortable" with her.

20.     Plaintiff's supervisor has also lowered the job classification of Ms. Walker's team. In fact, Plaintiff's supervisor characterizes Ms. Walker's team as just the customer service team.

21.     Furthermore, Plaintiff's supervisor routinely excludes Ms. Walker from important departmental meetings. Ms. Walker has to force herself into meetings that directly involve her job.

22.     Ms. Walker has made multiple complaints about the discrimination she was undergoing; however, UT Southwestern has not taken any to steps to remedy the situation. On the contrary, Plaintiff's supervisor continues to discriminate and retaliate against Ms. Walker.

23.     For instance on or about September 4, 2013, Ms. Walker was given a reprimand for using the company fax machine for personal use. Other employees regularly engage in this conduct, but are not punished.

24.    As a result of this ongoing discrimination and retaliation, Ms. Walker is being paid much less than the male employees who have the same duties.

25.    UT Southwestern's justification for this has been that Ms. Walker's subordinates are less qualified and technical than the male supervisors.   However, the reason this is so is because Plaintiff's supervisor has specifically constructed the department so that the less qualified individuals are under the female supervisor.

26.    As a result of this discrimination and retaliation, male employees have also been given larger merit increases than Ms. Walker.

27.    Ms. Walker filed a charge of discrimination with the EEOC on March 7, 2013. This charge was dual filed with the Texas Workforce Commission – Civil Rights Division by operation of law.  Ms. Walker received a right to sue letter from the TWC-CRD within 60 days prior to filing suit.

28.    All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

V.
SEX DISCRIMINATION – TEXAS LABOR CODE

29.    Plaintiff herein incorporates paragraphs 7-28 by reference.

30.    Defendant violated the Texas Labor Code when it discriminated against Plaintiff and subjected Plaintiff to a hostile work environment on the basis of her gender.

31.    Plaintiff is an employee as defined by the Texas Labor Code.

32.    UT Southwestern Medical Center is a state agency.   UT Southwestern is Plaintiff's employer as defined by the Teas Labor Code.

33.    Ms. Walker is female.

34.    Ms. Walker is qualified for the position of Information Resources Manager.

35.     The discrimination and harassment affected a term, condition, or privilege of employment for Ms. Walker.   As a result of this discriminatory treatment, Ms. Walker's compensation has been decreased, (both in terms of her annual compensation and merit increases).

36.     UT Southwestern Medical Center knew or should have known of the discrimination and failed to take prompt remedial action.

37.     Because of the actions of the Defendant, Plaintiff suffered damages within the jurisdictional limits of this Court.

## VI
## RETALIATION-TEXAS LABOR CODE

38.     Plaintiff herein incorporates by reference paragraphs 7-37.

39.     Defendant violated Texas Labor Code when it retaliated against Plaintiff because of her opposition to gender discrimination.

40.     UT Southwestern Medical Center is a state agency, and Plaintiff's employer under the Texas Labor Code.

41.     Plaintiff is an employee as defined by the Texas Labor Code.

42.     Ms. Walker opposed gender discrimination that she was experiencing, making both internal complaints of discrimination and filing a charge of discrimination with the EEOC and TWC-CRD.

43.     Defendant retaliated against Ms. Walker because she engaged in this protected activity.

44.     The retaliation affected a term, condition, or privilege of employment for Ms. Walker.  As a result of this retaliatory treatment, Ms. Walker's compensation has been reduced and she has been given smaller merit based increases.

45.     Because of the actions of the Defendant, Plaintiff suffered damages within the jurisdictional limits of this Court.

## VII
## EQUAL PAY ACT

46.     Plaintiff herein incorporates by reference paragraphs 7-25.

47.     In paying Plaintiff less than her male counterparts, (both in actual wages and merit increases), Defendant violated the Equal Pay Act. 29 U.S. C. §206 (d) (1) *et. seq.*

48.     Plaintiff is an employee under the Equal Pay Act.

49.     UT Southwestern is Plaintiff's employer and is subject to the Equal Pay Act.

50.     Plaintiff performed work in a position requiring equal skill, effort, and responsibility under similar working conditions to her male counter-parts.

51.     Plaintiff was paid less than male employees providing the basis of comparison.

## VIII
## JURY DEMAND

52.     Plaintiff demands trial by jury and has tendered the appropriate fee.

## IX
## REQUEST FOR DISCLOSURE

53.     Defendant is requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2.

## X
## DAMAGES

54.     Plaintiff seeks all damages allowed under the Texas Labor Code and Equal Pay Act, including:

(a)     Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

(b)   Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(c)   Judgment against Defendant for punitive damages in the maximum amount allowed under law;

(d)   An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the Texas Labor Code and Equal Pay Act;

(e)   Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(f)   Costs of suit, including attorney's fees; and

(g)   The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
ROB WILEY, P.C.


By: _Carmen Artaza_
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified Specialist, Texas Board of Legal*
*Specialization, Labor and Employment Law*
**Carmen Artaza**
Texas Bar No. 24055114

**LAW OFFICE OF ROB WILEY, P.C.**
1825 Market Center Blvd., Suite 385
Dallas, Texas  75207
Telephone:  (214) 528-6500
Facsimile:  (214) 528-6511
cartaza@robwiley.com
**ATTORNEYS FOR PLAINTIFF**