IN THE UNITED STATES DISTRICT COUT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:14-CV-1326 |
| UT SOUTHWESTERN MEDICAL CENTER | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Gloria Walker, and files this, her First Amended Complaint, and respectfully shows the following:

### I
### PARTIES

1. Plaintiff, Gloria Walker, is an individual who resides in Dallas County, Texas.

2. Defendant, UT Southwestern Medical Center, is a state agency located in Dallas County, Texas. UT Southwestern Medical Center has been served by serving its President, Daniel K. Podolsky, M.D. at 5323 Harry Hines Blvd. Dallas, Texas 75390.

### II
### JURISDICTION AND VENUE

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

Exhibit A

III
FACTS

4. Ms. Walker first began working for UT Southwestern in May 2005. Currently, Ms. Walker is employed as an Information Resources Manager. Ms. Walker was promoted to this position in January 2011. For the duration of her employment with UT Southwestern, Ms. Walker has always given her best efforts. In fact, before the events discussed below, Ms. Walker had been consistently praised for her job performance.

5. Despite Ms. Walker's credentials and experience, Plaintiff's supervisor, the Assistant Vice President, has routinely discriminated against Ms. Walker because of her gender.

6. Plaintiff's supervisor has systematically supported and offered guidance to the male employees while consistently trivializing and devaluing Ms. Walker's job performance.

7. For example, Ms. Walker has had male employees moved from underneath Ms. Walker's supervision because of complaints about Ms. Walker. However, when this same employee had previously complained about a male supervisor nothing was done to that male supervisor.

8. Another example is that Plaintiff's supervisor does not support Ms. Walker in front of her own employees. When Ms. Walker had performance problems with an employee, Plaintiff's supervisor would not allow Ms. Walker to give the employee a written warning. Giving a written warning is part of the job of an Information Resources Manager. Plaintiff's supervisor has no problem allowing his male employees to give write-ups to their subordinates.

9. Plaintiff's supervisor then began to move less qualified individuals into Ms. Walker's team.

10. For example, Plaintiff's supervisor stripped Ms. Walker of her higher-level employees who perform work on Pro-Center and IBR, which are the more complex software

products the department works on. Plaintiff's supervisor then gave Ms. Walker less qualified employees who instead worked on less complex software such as name changes and password resets. These are generally more administrative-type duties.

11. Plaintiff's supervisor also moved the complex software individuals to the hardware team supervisor. This is incongruous because Ms. Walker is the software team supervisor. It makes no sense to have those individuals with the hardware supervisor, other than because he is a male and Ms. Walker is a female. Plaintiff's supervisor also took away Ms. Walker's resiliency project. This is a software project. Mr. Walker took this project away from Ms. Walker and gave it to the hardware team as well. Once again, this makes no sense, other than the fact that the hardware team supervisor is a male.

12. Plaintiff's supervisor frequently sets up weekly status meetings with the other, male Information Resources Managers. However, Plaintiff's supervisor does not have any such meetings with Ms. Walker. Ms. Walker is instead expected to meet with the intermediate supervisor unlike the male employees.

13. In fact, out of the four Information Resources Managers, Ms. Walker is the only female.

14. Plaintiff's supervisor has taken every effort to strip away any technical responsibilities that Ms. Walker has and replace them with administrative duties, which are duties associated with traditional female stereotypes.

15. For example, Plaintiff's supervisor attempted to give Ms. Walker additional job duties that she should be doing for the "guys," this includes: ordering supplies for the male worker's hardware work, responding to routine requests for network resets so that the male workers on the network team did not have to do this, documenting the other, male team's work

for them so they did not have to, and performing all customer follow up so that the male managers did not have to follow up for their own departments.

16. Plaintiff's supervisor would also tell Ms. Walker that she needed to "be responsible to make the guys feel comfortable" with her.

17. Plaintiff's supervisor has also lowered the job classification of Ms. Walker's team. In fact, Plaintiff's supervisor characterizes Ms. Walker's team as just the customer service team.

18. Furthermore, Plaintiff's supervisor routinely excludes Ms. Walker from important departmental meetings. Ms. Walker has to force herself into meetings that directly involve her job.

19. Ms. Walker has made multiple complaints about the discrimination she was undergoing; however, UT Southwestern has not taken any to steps to remedy the situation. On the contrary, Plaintiff's supervisor continues to discriminate and retaliate against Ms. Walker.

20. For instance on or about September 4, 2013, Ms. Walker was given a reprimand for using the company fax machine for personal use. Other employees regularly engage in this conduct, but are not punished.

21. As a result of this ongoing discrimination and retaliation, Ms. Walker is being paid much less than the male employees who have the same duties.

22. UT Southwestern's justification for this has been that Ms. Walker's subordinates are less qualified and technical than the male supervisors. However, the reason this is so is because Plaintiff's supervisor has specifically constructed the department so that the less qualified individuals are under the female supervisor.

23. As a result of this discrimination and retaliation, male employees have also been given larger merit increases than Ms. Walker.

24. Ms. Walker filed a charge of discrimination with the EEOC on March 7, 2013. This charge was dual filed with the Texas Workforce Commission – Civil Rights Division by operation of law. Ms. Walker received a right to sue letter from the TWC-CRD within 60 days prior to filing suit.

25. All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

## IV. CAUSES OF ACTION

### A. VIOLATION OF TITLE VII – SEX DISCRIMINATION & RETALIATION

26. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

27. Plaintiff satisfied all jurisdictional prerequisites in connection with his claims under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et. seq*.

28. Defendant is an "employer" as defined by Title VII.

29. Plaintiff was an "employee" as defined by Title VII.

30. As described above, Defendant intentionally and willfully violated Title VII, by discriminating against and harassing Plaintiff because of her gender, and retaliating against Plaintiff for making complaints of gender harassment/discrimination. This discrimination, harassment, and retaliation affected the terms and conditions of Plaintiff's employment. Specifically, as a result of this discriminatory and retaliatory conduct, Ms. Walker's compensation has been reduced, and she has been given smaller merit based increases.

31. Defendant does not have adequate policies or procedures in place to address the harassment or discrimination, nor did they implement prompt remedial measures.

32. As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit. Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

33. As a result of these willful and intentional violations of federal law mentioned above by Defendant, Plaintiff requests that she be awarded all compensatory damages to which she is entitled, equitable and/or injunctive relief, and attorney fees and costs.

B. VIOLATION OF THE TEXAS LABOR CODE – SEX DISCRIMINATION & RETALIATION

34. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

35. Defendant violated the Texas Labor Code when it discriminated against Plaintiff and subjected Plaintiff to a hostile work environment on the basis of her gender.

36. Defendant violated Texas Labor Code when it retaliated against Plaintiff because of her opposition to gender discrimination.

37. Plaintiff is an employee as defined by the Texas Labor Code.

38. UT Southwestern Medical Center is a state agency. UT Southwestern is Plaintiff's employer as defined by the Texas Labor Code.

39. Ms. Walker is female.

40. Ms. Walker is qualified for the position of Information Resources Manager.

Ms. Walker opposed gender discrimination that she was experiencing, making both internal complaints of discrimination and filing a charge of discrimination with the EEOC and TWC-CRD.

41. Defendant retaliated against Ms. Walker because she engaged in this protected activity.

42. The retaliation, discrimination and harassment affected a term, condition, or privilege of employment for Ms. Walker. As a result of this discrimination and retaliation, Ms. Walker's compensation has been decreased, (both in terms of her annual compensation and merit increases).

43. UT Southwestern Medical Center knew or should have known of the discrimination and failed to take prompt remedial action.

43. Because of the actions of the Defendant, Plaintiff suffered damages within the jurisdictional limits of this Court.

### C. VIOLATION OF THE EQUAL PAY ACT

44. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein.

45. In paying Plaintiff less than her male counterparts, (both in actual wages and merit increases), Defendant violated the Equal Pay Act. 29 U.S. C. §206 (d) (1) *et. seq.*

46. Plaintiff is an employee under the Equal Pay Act.

47. UT Southwestern is Plaintiff's employer and is subject to the Equal Pay Act.

48. Plaintiff performed work in a position requiring equal skill, effort, and responsibility under similar working conditions to her male counter-parts.

49. Plaintiff was paid less than male employees providing the basis of comparison.

## VIII
## JURY DEMAND

50.     Plaintiff demands trial by jury and has tendered the appropriate fee.

## X
## DAMAGES

51.     Plaintiff seeks all damages allowed under Title VII, the Texas Labor Code and the Equal Pay Act, including:

(a)     Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

(b)     Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

(c)     An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of Title VII, the Texas Labor Code and the Equal Pay Act;

(d)     Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(e)     Costs of suit, including attorney's fees; and

(f)     The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
ROB WILEY, P.C.


By: _____
**Robert J. Wiley**
Texas Bar No. 24013750
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*
**Carmen Artaza**
Texas Bar No. 24055114

**LAW OFFICE OF ROB WILEY, P.C.**
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
cartaza@robwiley.com
**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record via Facsimile, and First Class Mail on the ___ day of July 2014.

Angela V. Colmenero
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711

_____
**Carmen Artaza**